UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| IN RE: | CASE NO: 05-3251630206 |
| | CHAPTER: 11 |
| WILSON & ELLIS, INC. | |
| dba | MOTION FOR RELIEF |
| AMEER COMMONS REST HOME | FROM ORDER |
| | |
| Tax ID: 56-2192287 | |
| DEBTOR | |

NOW COMES the Debtor pursuant to Rule 9024 of the Federal Rules of Bankrputcy Procedure and moves the Court for relief from the Order dismissing the Debtor's case, the Order denying Debtor's motion for Use of Cash Collateral, and the Order granting Bayview Loan Servicing, LLC relief from the automatic stay, and shows in support thereorf as follows:

The Debtor's representative had to attend a family funeral in New York City the same week as the Hearings scheduled for July 19, 20 and 21. The Debtor's representative instructed the Debtor's attorney on Friday, July 15, 2005, just before she left town to obtain a continuance of the Hearings. The Debtor's representive was at all times available by cell phone, but was not told by the Debtor's attorney that a continuance was not granted until after the entry of the Order dismissing this case. If the Debtor's representative had been timely informed, the Debtor's representative would have made arrangements to attend, or to have another qualified and authorized representative attend all Hearings. In no event would the Debtor's representative have simply ignored the scheduled Hearings. Dismissal of the Debtor's case would work a substantial prejudice to the Debtor, and such action should not be taken without an opportunity for a Hearing.

The Debtor did not receive any notice and an opportunity for Hearing on Bayview Loan Servicing, LLC's Motion for Relief from Stay, as is required by Federal and local rules. No such Motion was ever filed in the case, nor is a certificate of service of such Motion filed in the case, and the Debtor received no notice of the entry of the Order granting Relief from Stay from anyone, until it happened to inspect the Court docket on August 8, 2005.

Inasmuch as the Debtor has not received adequate communication from its attorney as to the above matters, it is therefore equally concerned as to what was represented on its behalf at the Hearings. The Debtor also received from its attorney incorrect information as to the entry of the Order denying its Motion for Use of Cash Collateral. Consequently, the Debtor seeks a re-hearing of its Motion for Use of Cash Collateral.

For these reasons, the Debtor respectfully moves for relief from the Order dismissing the Debtor's case, entered July 29, 2005; the Order denying Debtor's Motion for Use of Cash Collateral and granting Relief from Stay to Bayview Loan Servicing, LLC, entered July 26, 2005.

This the 8th day of August 2005.

_____
Reema Owens, Authorized Representative
of the Debtor